IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DIANA LYNN MEEKS

　*Plaintiff*

　v.

KILOLO KIJAKAZI

　*Defendant*.

Civil No.: ELH-23-02072

**MEMORANDUM**

Plaintiff, Diana Lynn Meeks, through counsel, Theodore Anthony Melanson, of the law firm of Mignini, Raab, Demuth & Murahari, LLP (the "Firm"), has filed a motion requesting an award of attorney's fees of $16,501.25, pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b). ECF 19 (the "Motion"). In response, the Social Security Administration ("SSA") has asked the Court to consider whether the requested amount constitutes a reasonable fee. ECF 21. Plaintiff did not reply. *See* Docket.

No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth below, I shall grant the Motion.

**A.**

On August 2, 2023, plaintiff, represented by Mr. Melanson, petitioned the Court to review the SSA's final decision to deny plaintiff's claim for Social Security benefits. ECF 1. On March 5, 2024, the Commissioner filed a consent motion to remand this case under sentence four of Section 205(g) of the Social Security Act. ECF 12 (citing 42 U.S.C. § 405(g)). The Court granted the motion and remanded the case to the SSA pursuant to sentence four of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). ECF 13.

Thereafter, pursuant to the Equal Access to Justice Act (the "EAJA"), Mr. Melanson filed

a motion seeking payment of $4,013.44 in attorney's fees, based on 16.25 hours of attorney time performed on plaintiff's behalf.  ECF 14-2 at 2.  The parties agreed to an award of $3,700.00 in attorney's fees under the EAJA.  ECF 16.  Accordingly, Mr. Melanson received attorney's fees pursuant to the EAJA, in the amount of $3,700.00.  ECF 17.

Plaintiff subsequently received a favorable decision awarding past due benefits in the amount of $66,005.00.  ECF 19.  As a result, Mr. Melanson now requests additional attorney's fees.  In particular, he seeks a fee award of $16,501.25, which constitutes twenty-five percent of the past-due benefits awarded to plaintiff.  *Id*.  Mr. Melanson also agrees to reimburse plaintiff the $3,700.00 in fees he received under the EAJA.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

**B.**

The Act authorizes the award of a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits.  42 U.S.C. § 406(b).  Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases."  *Gisbrecht*, 535 U.S. at 807.  In determining whether a request for attorney's fees under § 406(b) is reasonable, a reviewing court may properly consider the "character of the representation and the results the representative achieved."  *Id*. at 808.

Courts may require the attorney to provide a record of hours spent working on the case, and the attorney's typical hourly billing charge.  *Id*.  Of import, the Supreme Court has acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constitutes a "windfall" to the attorney.  *Id*.

Here, plaintiff and the Firm entered into a contingent fee agreement by which plaintiff

agreed to pay the firm twenty-five percent sof all retroactive benefits to which he might become entitled.  ECF 14-4.  In the previous motion for attorney's fees, pursuant to the EAJA, Mr. Melanson submitted an itemized report documenting 16.25 hours of work billed in plaintiff's case before this Court.  ECF 14-8.  If Mr. Melanson receives the full amount of fees requested here, his fees for representation before the Court will effectively be at the rate of $1,015.46 per hour.  Counsel must show this hourly rate is reasonable for the services rendered.  *See Gisbrecht*, 535 U.S. at 807.

Courts often approve rates much higher than normal in Social Security cases.  *See Trenton A. v. Comm'r, Soc. Sec. Admin.,* No. JMC-19-1568, 2022 WL 7099730, at *2 (D. Md. Jan. 27, 2022).  Nevertheless, "[h]ourly rates exceeding $1,000 are the exception, not the rule."  *Willie B. v. Comm'r, Soc. Sec. Admin.*, SAG-20-2973, 2023 WL 3950122, at *2 (D. Md. June 12, 2023) (finding that an effective rate of $1,231.78 per hour was unreasonable).

Mr. Melanson has "been practicing Social Security law since December 2014." ECF 14-7, at 2.  He cites a regular hourly rate of $300.00.  *Id*.  The requested fee—$1,015.46 per hour—is more than three times his regular hourly rate.  The Court recognizes Mr. Melanson's effective performance and the substantial past-due benefit awarded to his client.  The Court also notes that Mr. Melanson has been awarded up to $1,400 per hour in fees in other cases.  *See, e.g., Charlene S. v. Comm'r, Soc. Sec. Admin*., No. SAG-23-1792, 2026 WL 309612, at *2 (D. Md. Feb. 5, 2026) (approving hourly rate of $1,400.00 for Mr. Melanson).  On the other hand, the Court has not approved his request for fees that amounted to an hourly rate of $2,381.12.  *See Lee v. Kijakazi*, ELH-23-1731, 2026 WL 89598, at *2 (Jan. 13, 2026) (ECF 28).

In my view, an award of $16,501.25, amounting to an hourly rate of $1,015.46, is on the high end of recent awards in similar cases.  *See Bock v. Comm'r of Soc. Sec.*, DRM-21-02821,

2026 WL 598860, at *1 (D. Md. Mar. 4, 2026) (approving hourly rate of $1,400.00 for counsel); *Wertz v. Comm'r of Soc. Sec.*, DLB-23-02220, 2026 WL 467367, at *1 (D. Md. Feb. 18, 2026) (approving hourly rate of $1,400.00 for counsel); *Hunter v. Comm'r, Soc. Sec. Admin.*, SAG-15-3758, 2017 U.S. Dist. LEXIS 221544 (D. Md. Nov. 16, 2017) (approving contingency fee agreement with hourly rate of $1,140.41, while noting that the requested rate was "slightly more than triple the top hourly rate" for an attorney with similar experience).

### C.

For the reasons set forth herein, the Court shall GRANT the Motion (ECF 19).  The Court will award attorney's fees in the amount of $16,501.25.  However, Mr. Melanson shall reimburse plaintiff the sum of $3,700.00 in fees he previously received under the EAJA.

An Order follows.

Date:  April 6, 2026

                                                         /s/
                                              Ellen L. Hollander
                                              United States District Judge